# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| CHAD COPELAND, | Case No. 1:22-cv-209 |
| | Consolidated with Case No. 1:22-cv-218 |
| Petitioner, | and Case No. 1:22-cv-238 |
| v. | Judge Matthew W. McFarland |
| TIM SHOOP, WARDEN, | |
| Respondent. | |

## ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 13)

The Court has reviewed the Report and Recommendation ("Report") of United States Magistrate Judge Elizabeth P. Deavers (Doc. 13), to whom these consolidated cases are referred pursuant to 28 U.S.C. § 636(b). Petitioner, a state prisoner proceeding through counsel, sought a writ of habeas corpus under 28 U.S.C. § 2254 in each of these three consolidated cases. In the Report, the Magistrate Judge recommended that this Court dismiss with prejudice the First Petition, Second Petition, and Third Petition for Writ of Habeas Corpus as time-barred under 28 U.S.C. § 2241(d)(1). Additionally, the Magistrate Judge recommended that the Court deny Petitioner's motions to file or proceed in each case, as well as his motion for bond in case number 1:22-cv-209. Lastly, the Magistrate Judge recommended that the Court deny Petitioner a certificate of appealability. Petitioner subsequently filed his Objection to the Report (Doc. 14).

Petitioner raises one objection to the Report. Petitioner singularly argues that, while the actions filed do not fall within the required statutory time limits under 28 U.S.C.

§ 2241(d)(1), they may nonetheless be brought forward under the "actual innocence" exception. However, the "actual innocence" exception may only be employed when a petitioner "support[s] his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In his Objection, Petitioner fails to cite to any new evidence to show that "no reasonable juror would have convicted [Petitioner.]" *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (citing *Schlup*, 513 at 329).

Plaintiff fails to show that "it is more likely than not that no reasonable juror would have convicted him in the light of [] new evidence." *Schlup*, 513 U.S. at 327. In fact, a majority of Petitioner's Objection simply rehashes the arguments presented in his initial Petitions—that the evidence and jury instructions presented at the original trial were "insufficient." (Objections, Doc. 14, Pg. ID 138.) Petitioner additionally points to a copy of the transcript of his 2007 resentencing hearing, at which he proclaimed his innocence. However, this comment can hardly constitute "new evidence" and, acting alone, is otherwise insufficient to show that "no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Thus, the "actual innocence" exception is not applicable and Petitioner's three Petitions for Writ of Habeas Corpus are time-barred.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 13) in its entirety and **ORDERS** the following:

(1) The Court **DISMISSES WITH PREJUDICE** Petitioner's First Petition, Second Petition, and Third Petition as time-barred under 28 U.S.C. § 2241(d)(1);

(2) The Court **DENIES** Petitioner's motions to file or proceed in each case;

(3) The Court **DENIES** Petitioner's motion for bond in case number 1:22-cv-209; and

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND